## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BAILEY & GLASSER LLP, DEREK G. HOWARD LAW FIRM, INC.,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**MCTIGUE LAW LLP, J. BRIAN MCTIGUE,**<br><br>          Defendants. | Civil Action No. 19-11992 |

## COMPLAINT

Plaintiffs Bailey & Glasser LLP and Derek G. Howard Law Firm, Inc. ("Plaintiffs") bring this complaint for breach of contract and declaratory judgment against Defendants McTigue Law LLP and J. Brian McTigue ("Defendants") and allege upon personal knowledge, their investigation, and upon information and belief as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

1.      On October 21, 2016, Plaintiffs and Defendants (together the "Parties") entered into a contract ("Co-Counsel Agreement") to prosecute a civil action *Henderson v. BNY Mellon, N.A.*, Civ. Action No. 15-cv-10599-PBS ("*Henderson Action*") on behalf of the plaintiffs in that lawsuit.

2.      Before the Parties executed the Co-Counsel Agreement, the Honorable Patti Saris, United States District Judge, who presided over the *Henderson Action* made several findings:

- Mr. McTigue is unable to work constructively as a co-lead counsel on a legal team with his previous co-counsel.

- Mr. McTigue's treatment of co-counsel in this litigation is deeply disturbing.

- Mr. McTigue rebuffed efforts by co-counsel to contact Ms. Henderson to prepare her for deposition.

- Mr. McTigue attempted to cancel the date of a court-ordered mediation without the consent of his co-counsel.

- Mr. McTigue unilaterally terminated co-counsel without warning and without attempting to work out any disagreements.

- Given Mr. McTigue's contumacious, uncivil conduct in this litigation, he would not be an effective lead or co-lead class counsel.

*Henderson Action*, ECF # 192.

3.      The Parties entered into the Co-Counsel Agreement to resolve a protracted dispute over which counsel would control the case on behalf of the putative class alleged in the *Henderson Action* after Defendants had attempted to terminate Plaintiffs from the *Henderson Action*.

4.      The Co-Counsel Agreement provided that Plaintiffs would serve as Co-Lead Counsel and that Defendants would serve on a "Plaintiff's Executive Committee."

5.      The Co-Counsel Agreement provided that Defendants' responsibility was "to assist Co-Lead Counsel in their responsibilities," that they would perform twenty percent of the work and pay twenty percent of the "Common Expenses" incurred in prosecuting the *Henderson Action*.

6.      The Parties understood and agreed that Defendants would continue to serve as liaison counsel to Plaintiff Ashby Henderson and facilitate communications

between Ms. Henderson and Plaintiffs.

7.      The Co-Counsel Agreement was executed shortly after a status conference with Judge Saris.

8.      At the October 13, 2016 status conference, Defendants told Judge Saris that: "[W]e have reached an agreement with [Plaintiffs] to work with them under their leadership. We are working together. We have agreed to prosecute both actions together. Under their leadership, I will be counsel to Ms. Henderson." *Henderson Action*, Oct. 13, 2016 Status Hearing Transcript, at 15.

9.      Plaintiffs expended hundreds of thousands of dollars on Common Expenses, including $295,000 on expert witnesses, the vast majority of which was paid after the Parties executed the Co-Counsel Agreement. Despite repeated requests by Plaintiffs that Defendants pay their agreed-upon twenty-percent share of Common Expenses, Defendants paid nothing to Plaintiffs to reimburse them for the Common Expenses paid by them after the execution of the Co-Counsel Agreement.

10.      Defendants failed to uphold their agreement to perform 20% of the work.

11.      Despite agreeing to cooperate with Plaintiffs, Defendants continued their acrimonious and obstructionist approach to collaboration that Judge Saris had previously criticized.

12.      Instead of facilitating communication with Ms. Henderson and Plaintiffs, Defendants repeatedly interfered with and blocked communications between Plaintiffs and Ms. Henderson.

13.      Defendants sent multiple emails in April 2018 to Plaintiffs demanding that

all communication with Ms. Henderson must go through them; that they alone would

relay Plaintiffs' messages to Ms. Henderson and then relay her responses.

14.     Defendants also sought to undermine and sabotage Plaintiffs' role as Co-

Lead Counsel in the *Henderson Action*, the very role they had agreed Plaintiffs would

undertake in the Co-Counsel Agreement, and that they would serve to assist. In April

2018, two other law firms sought to intervene in the *Henderson Action* as class counsel

for investment claims, alleging among other things that Ms. Henderson was an

inadequate class representative, and directly attacking her ability to serve in that role.

*Henderson Action*, ECF # 431. On May 2, 2018, the day the opposition to the intervention

motion was due, Defendants unilaterally filed a notice of non-opposition to the

intervention motion, purportedly on behalf of Ms. Henderson, even though the motion

called her inadequate. *Henderson Action*, ECF # 441. Defendants did not consult with

Plaintiffs before filing the non-opposition.

15.     On the same day Plaintiffs filed an opposition to the motion. Plaintiffs had

repeatedly asked Defendants for a phone call to discuss the response to the intervention

motion, an impending status report, and mediation scheduling. Defendants prevented

direct communication with Ms. Henderson, and fended off all attempts to discuss these

critical matters even with Mr. McTigue.

16.     On June 8, 2018, while the class certification and summary judgment

motions were pending in the *Henderson Action*, Defendants, without contacting

Plaintiffs, filed notices of appearance for three new attorneys from the Cohen Milstein

firm. *Henderson Action,* ECF ## 449, 450, 451. These lawyers were apparently seeking to

take over all or part of the *Henderson Action*. Shortly thereafter, the Cohen Milstein lawyers withdrew.

17.     On July 30, 2018, at the summary judgment hearing in the *Henderson Action*, Judge Saris removed Mr. McTigue from the *Henderson Action*. *Henderson Action*, July 30, 2018 Hearing Transcript, at 70-71. At the hearing Judge Saris instructed Mr. McTigue to have *no more involvement* with the class claims. *Id.* at 70-71.

18.     On August 20, 2018, during a follow up status hearing, Judge Saris ordered Mr. McTigue not just to cease all involvement in the class case, but to stop communicating with Ms. Henderson about the class claims altogether, because his conduct was interfering with Plaintiffs' ability to communicate with Ms. Henderson and was causing discord and tension. *Henderson Action*, Aug. 20, 2018 Hearing Transcript, at 9, 18.

## PARTIES

19.     Defendant McTigue Law LLP is a limited liability partnership with a principal office located at 4530 Wisconsin Avenue, NW, Suite 300, Washington, DC, 20016.

20.     Defendant J. Brian McTigue is an individual attorney and founding partner of McTigue Law LLP.

21.     Plaintiff Bailey & Glasser LLP is a limited liability partnership with a principal office located at 209 Capitol Street, Charleston, West Virginia, 25301 and a Boston office located at 99 High Street, Suite 304, Boston, Massachusetts, 02110. The two Bailey & Glasser Boston partners were the lead lawyers for the firm in the *Henderson*

*Action*.

22.     Plaintiff Derek G. Howard Law Firm, Inc. is a corporation with a principal office located at 42 Miller Avenue, Mill Valley, California, 94941.

## JURISDICTION

23.     This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

24.     This Court has personal jurisdiction over Defendants because each of them conducted business in the District of Massachusetts on a regular basis during the relevant time period.

## COUNT 1
## BREACH OF CONTRACT

25.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

26.     By their actions described herein, Defendants engaged in multiple breaches of the Co-Counsel Agreement.

27.     By their actions described herein, Defendants undermined and sought to sabotage the efforts of Plaintiffs to prosecute the *Henderson Action* on behalf of the class therein.

28.     By their actions described herein, Defendants engaged in contumacious conduct, including contempt of Judge Saris's order instructing them to have no further communications with Ms. Henderson in the *Henderson Action*.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

1.      For a declaration that Defendants breached their duties under the Co-Counsel Agreement.

2.      For a declaration that Defendants are entitled to no monies or any other compensation in connection with the prosecution of the *Henderson Action* or under the Co-Counsel Agreement.

3.      For a declaration that Defendants are enjoined from contesting the Co-Counsel Agreement and any compensation or monies received by them under the Co-Counsel Agreement or in connection with the *Henderson Action* in any forum or jurisdiction.

4.      For other such relief as the Court may deem just and proper.

Dated: September 20, 2019

Respectfully submitted,

*/s/ John Roddy*
John Roddy, BBO # 424240
jroddy@baileyglasser.com
Elizabeth Ryan, BBO # 549632
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954

Brian A. Glasser (to be admitted *pro hac vice*)
bglasser@baileyglasser.com
Gregory Y. Porter (to be admitted *pro hac vice*)
gporter@baileyglasser.com
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Derek G. Howard (to be admitted *pro hac vice*)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419