## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**BAILEY & GLASSER LLP, DEREK G. HOWARD LAW FIRM, INC.,**

Plaintiffs,

v.

**MCTIGUE LAW LLP, J. BRIAN MCTIGUE,**

Defendants.

Civil Action No. 19-cv-11992-PBS

### PLAINTIFFS' ANSWER TO MCTIGUE LAW LLP'S COUNTERCLAIM

Plaintiffs Bailey & Glasser LLP and Derek G. Howard Law Firm, Inc. ("Plaintiffs") answer the Counterclaim filed by Defendant McTigue Law LLP ("McTigue Law," "Counterclaimant," or "Defendant") as follows:

1.     Plaintiffs incorporate the paragraphs from their complaint for breach of contract and declaratory judgment, ECF No. 1, as though set forth herein.

2.     Admitted that the October 21, 2016 document, states, among other things that McTigue Law LLP would be awarded 20% of the fees, subject to certain obligations, such as paying 20% of the common expenses. Denied as to the paragraph's imprecise wording. The document speaks for itself.

3.     Admitted as to the accuracy of quoted statements from the filings. Admitted that Class Counsel submitted $32,579 of McTigue Law's claimed expenses. Denied as to the remainder.

4.      Admitted that on August 20, 2019, Plaintiffs informed Brian McTigue, inter alia, that they would not be submitting McTigue Law's fees as part of their fee application. Admitted as to the date and filing of Docket Nos. 591, 592. The documents speak for themselves.

5.      Admitted that in their role as Class Counsel, they filed Docket No. 597, opposing McTigue Law's request for fees and expenses.

6.      Admitted that the disputed expenses and fees were discussed at the September 6, 2019 hearing. Denied as to all characterizations of the transcript, which speaks for itself.

7.      Admitted.

8.      Admitted

9.      Denied.

10.     Admitted.

11.     Admitted that McTigue Law requested the stated amount; denied that such amount is owed to McTigue Law. Plaintiffs further state that the disputed amount is being held in escrow.

12.     Admitted that Plaintiffs have not paid McTigue Law any legal fees to date; denied that any such fees are owed; admitted that Plaintiffs filed the current lawsuit. Denied as to the remainder.

13.     Denied.

14.     Admitted that McTigue Law represented that it entered into a representation agreement with Ashby Henderson, and that McTigue Law and Bailey &

Glasser, the Howard Law Firm and Minami Tamaki entered into co-counseling agreements on or about January 27, 2015. Denied as to the remainder of the paragraph.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    To the extent this paragraph states a legal conclusion no response is required. Otherwise denied.

20.    Denied.

21.    Admitted that the co-counseling agreement states that any dispute under the agreement will be subject to the laws of the District of Columbia. The document speaks for itself.

**Count One – Breach of Contract**

22.    Plaintiffs incorporate the preceding paragraphs as though set forth herein.

23.    This paragraph states a legal conclusion to which no response is required.

24.    To the extent this paragraph states a legal conclusion no response is required. Otherwise denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiffs assert the following defenses. All defenses are pleaded in the alternative and nothing shall be construed as an admission of fact or law. Plaintiffs do not knowingly and/or intentionally waive any defenses and reserve the right to assert any additional defense or claim as may be appropriate based on the facts or issues disclosed during the course of additional investigation and discovery.

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaim is barred by the equitable doctrine of unclean hands based on the knowledge, conduct, and wrongful acts of McTigue Law and J. Brian McTigue.

### Third Affirmative Defense

The Counterclaim is barred in whole or in part because Defendants breached their obligations under the Co-Counsel agreement, and did not act in compliance with the Orders of the Court in the *Henderson* action.

### Fourth Affirmative Defense

Defendant's Counterclaim is barred because Plaintiffs were legally excused from performance of any and all agreements alleged.

### Fifth Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of waiver, estoppel, and/or release.

### Sixth Affirmative Defense

The Counterclaim is barred because J. Brian McTigue and McTigue Law materially breached the Co-Counsel Agreement.

### Seventh Affirmative Defense

McTigue Law is barred from recovery for failure to satisfy contractual condition precedents.

### Eighth Affirmative Defense

The Counterclaim fails because Counterclaimant did not plead the elements of a claim of breach of contract, and failed to plead facts establishing that Plaintiffs breached any duty to perform in its role as Co-Lead Counsel under the Co-Counsel Agreement.

### Ninth Affirmative Defense

Defendants breached the Co-Counsel Agreement by failing to report, communicate and/or account throughout the case on time and expenses as required.

### Tenth Affirmative Defense

The Counterclaim fails because the Court has already held that J. Brian McTigue and/or his firm obstructed communications with Ms. Henderson and hindered prosecution of the *Henderson Action*, and removed him from the case.

### Eleventh Affirmative Defense

The Counterclaim fails because Counterclaimant did not reimburse Common Expenses to Plaintiffs, even when requested.

## Twelfth Affirmative Defense

The Counterclaim fails in whole or in part by the terms of the applicable contractual agreement or agreements.

## Thirteenth Affirmative Defense

The Counterclaim fails because Defendants' conduct was not in the interest of the class and/or adverse to those in the class, and caused damage to the class and to Class Counsel.

## Fourteenth Affirmative Defense

The Counterclaim fails because any recovery resulting from Defendants' conduct would violate public policy.

## Fifteenth Affirmative Defense

The Counterclaim fails because any agreement between the parties was illusory.

## Sixteenth Affirmative Defense

The Counterclaim fails because Defendant seeks attorney's fees and costs for conduct that was not approved by and/or in contravention of Class Counsel, and/or did not benefit the class.

## Seventeenth Affirmative Defense

The Counterclaim fails because it seeks recovery for conduct that was a breach of implied good faith and fair dealing.

## Eighteenth Affirmative Defense

The Counterclaim fails for failure to disclose important and/or material information that prevented any lack of compliance associated with the purported

agreement supporting the Counterclaim.

### Nineteenth Affirmative Defense

The Counterclaim is barred because the damages or losses alleged, if any exist, were proximately caused or contributed by Counterclaimant's own conduct, the conduct of Defendants, and/or the conduct of their agents or employees.

### Twentieth Affirmative Defense

The Counterclaim is barred for failure to take reasonable efforts to mitigate purported damages, if any.

### Twenty-First Affirmative Defense

The Counterclaim is barred for lack of consideration on the part of Defendants associated with the purported contracts supporting McTigue Law's Counterclaim.

### Twenty-Second Affirmative Defense

The Counterclaim is barred because Plaintiffs' performance under the purported co-counsel agreement as alleged would be unconscionable.

### Twenty-Third Affirmative Defense

Counterclaimant cannot recover damages because Plaintiffs acted in good faith and had reasonable grounds for believing their acts or omissions if any were in compliance with their legal obligations and had legal justification for the actions taken.

### Twenty-Fourth Affirmative Defense

The Counterclaim is barred because recovery would constitute unjust enrichment.

### Twenty-Fifth Affirmative Defense

The Counterclaim is barred because performance under the contract alleged would be impractical and/or impermissible.

### Twenty-Sixth Affirmative Defense

The Counterclaim is barred by the doctrine of novation.

### Twenty-Seventh Affirmative Defense

The Counterclaim is barred because the purported co-counsel agreement suffers from mistake of fact.

### Twenty-Eighth Affirmative Defense

The Counterclaim is barred because during the alleged formation of the agreement among the parties supporting the Counterclaim, Defendants imposed undue influence and/or engaged in misstatements and misleading and deceptive statements to induce Plaintiffs to enter into the representation/fee arrangement.

### Twenty-Ninth Affirmative Defense

Counterclaimant is barred from recovery because no valid contractual provision is triggered permitting the recovery sought as alleged under the circumstances.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request as follows:

1. For an order dismissing Counterclaimant's Counterclaim with prejudice.

2. For a declaration that Defendants/Counterclaimant breached their duties under the Co-Counsel Agreement.

3. For a declaration that Defendants/Counterclaimant have been paid the amount of $32,579.00 ordered by the Court and are entitled to no monies or

any other compensation in connection with the prosecution of the *Henderson Action* or under the Co-Counsel Agreement.

4.      For a declaration that Defendants/Counterclaimant are enjoined from further compensation or monies under the Co-Counsel Agreement or in connection with the *Henderson Action* in any forum or jurisdiction.

5.      For other such relief as the Court may deem just and proper.

Dated: November 18, 2019

Respectfully submitted,

*/s/ John Roddy*
John Roddy, BBO # 424240
jroddy@baileyglasser.com
Elizabeth Ryan, BBO # 549632
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954

Brian A. Glasser (to be admitted *pro hac vice*)
bglasser@baileyglasser.com
Gregory Y. Porter (to be admitted *pro hac vice*)
gporter@baileyglasser.com
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Derek G. Howard (to be admitted *pro hac vice*)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*For Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on November 18, 2019.

*/s/ John Roddy*
John Roddy